DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEPARTMENT OF REVENUE CHILD SUPPORT PROGRAM** o/b/o
**ARIKA R. RICHARD,**
Appellant,

v.

**PHILLIP M. SEYMORE,**
Appellee.

No. 4D2025-1790

[July 8, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elaine Alexandra Carbuccia, Judge; L.T. Case No. 062005DR001962AXXXCE.

James Uthmeier, Attorney General, Toni Carol Bernstein, Senior Assistant Attorney General, Child Support Enforcement, Tallahassee, and Sarah Carmen Prieto, Assistant Attorney General, Child Support Enforcement, Fort Lauderdale, for appellant.

Phillip M. Seymore, Lehigh Acres, pro se.

SHEPHERD, J.

The Department of Revenue appeals a final order granting Phillip Seymore's motion to vacate a 2005 judgment establishing paternity and child support and quashing service of process. We reverse.

## Background

In 2005, the Department filed an action on behalf of the children's mother to establish paternity and child support. Substitute service was made upon Seymore by serving the mother after she represented that she resided with Seymore. Following proceedings before a child support hearing officer, the trial court entered a final judgment establishing paternity and child support obligations. Seymore did not seek rehearing or appeal the judgment.

Approximately five years later, in 2010, Seymore began actively

litigating the case. He filed motions seeking DNA testing and dismissal of his child-support obligations, asserting that he was unable to attend the original proceedings. When those requests were denied, he filed additional motions seeking similar relief, including a motion to abate child support. In 2011, Seymore sought rehearing of an adverse ruling and appeared telephonically at a hearing concerning his support obligations. In 2013, he filed a petition to modify child support, alleging a substantial change in circumstances and seeking additional relief from the court.

Although Seymore challenged paternity and sought various forms of affirmative relief throughout these proceedings, he did not challenge the sufficiency of service of process. Instead, not until 2016 did Seymore first asserted that service had been defective because he did not reside at the address where substitute service was affected.

Over the next several years, Seymore repeatedly challenged the validity of the judgment in both Broward and Volusia Counties. He filed multiple motions and petitions asserting defective service, fraud, and lack of paternity, resulting in numerous rulings and appellate proceedings. Despite those repeated challenges, the judgment remained intact.

After the case was eventually transferred back to Broward County in 2024, Seymore again moved to vacate the 2005 judgment and arrearage orders, arguing that service of process was defective because substitute service had been made upon the children's mother. Following hearings on the issue, the trial court agreed with Seymore, quashed the substituted service upon Seymore, and granted Seymore's motion to vacate.

## Discussion

The Department argues that the trial court erred in granting Seymore's motion to vacate because any service defect rendered the judgment voidable, not void, and Seymore had waived any challenge to personal jurisdiction by actively litigating the case for years before raising the issue.

We agree with the Department's arguments.

The trial court correctly determined that substitute service upon the children's mother was defective. That finding, however, does not end the inquiry. Florida law distinguishes between judgments that are void and those that are merely voidable. A judgment entered without notice is void and may be challenged at any time. *See Cannella v. Auto-Owners Ins. Co.*, 801 So. 2d 94, 100 (Fla. 2001).

By contrast, where a defendant has actual notice of the proceedings, service defects generally render the judgment voidable and subject to waiver. *Id.*; *see also Myrick v. Walters,* 666 So. 2d 249 (Fla. 2d DCA 1996); *Arthur v. Arthur,* 543 So. 2d 349 (Fla. 5th DCA 1989); *Craven v. J. M. Fields, Inc.,* 226 So. 2d 407 (Fla. 4th DCA 1969). In *Kozinski,* we explained that defective service does not render a judgment void where the defendant received notice of the proceedings. *Kathleen G. Kozinski, P.A. v. Phillips,* 126 So. 3d 1264, 1268–69 (Fla. 4th DCA 2013). Rather, the dispositive inquiry is whether the defendant lacked notice altogether. *Id.*

Here, the trial court made no finding that Seymore lacked notice of the proceedings before entry of the 2005 judgment. Instead, the trial court focused on evidence that Seymore had resided in a treatment facility during the relevant time period and therefore may not have been able to attend the hearings. While those facts may bear on the validity of service, those facts do not establish that Seymore lacked notice of the action.

More importantly, the subsequent procedural history demonstrates that Seymore had actual knowledge of the case long before raising any challenge to service. In 2010, Seymore filed motions seeking DNA testing and dismissal of his child-support obligations. In 2011, he sought rehearing and appeared telephonically at a hearing regarding child support. In 2013, he filed a petition to modify child support. Yet he did not challenge service of process until 2016—more than ten years after entry of the judgment and years after actively litigating the case.

That chronology is significant. Florida courts have consistently held that a party waives objections to personal jurisdiction by seeking affirmative relief and participating in litigation without timely raising the issue. *See Babcock v. Whatmore,* 707 So. 2d 702, 704 (Fla. 1998); *Byers v. FIA Card Servs., N.A.,* 82 So. 3d 1166, 1167 (Fla. 4th DCA 2012).

The record therefore does not support the trial court's finding that Seymore consistently challenged service from the outset. To the contrary, the record reflects years of litigation concerning paternity and child support before any service challenge was asserted.

Because the trial court made no finding that Seymore lacked notice of the proceedings, and because Seymore actively litigated the case for years before raising any objection to service, the trial court erred in treating the judgment as void. At most, the alleged defect rendered the judgment voidable. As a result, Seymore's challenge was subject to waiver principles, and his conduct constituted a general appearance waiving any objection to personal jurisdiction.

The same procedural history also supports the Department's argument that Seymore's motion constituted an impermissible successive attack on the judgment. Over the course of many years, Seymore repeatedly—though untimely—challenged the validity of the judgment in multiple proceedings and forums. Because the judgment was voidable rather than void, principles of finality apply, and Seymore could not continue to relitigate the same service-based challenge through successive motions to vacate.

Accordingly, we reverse the order granting Seymore's motion to vacate and quashing service of process, and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

LEVINE and KLINGENSMITH, JJ., concur.

\*      \*      \*

***Not final until disposition of timely-filed motion for rehearing.***